ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FRANCISCO A. GONZALEZ-JARQUIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-013 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Jointly and Severally, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections (doc. no. 9) have been filed.[1]

On June 30, 2008, the Magistrate Judge recommended that Plaintiff's federal claims be dismissed for failure to state a claim upon which relief may be granted,[2] and that

---

[1] Although Plaintiff has entitled his objections to the R&R as a "Motion for Relief," the label applied by Plaintiff does not prevent the Court from considering the filing for what the substances shows it to be, objections to the R&R. Cf. Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it, the motion was for habeas relief.").

[2] Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1985, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* ("Title II"),

Plaintiff's potential state law claims be dismissed without prejudice. (Doc. no. 7). In his objections, Plaintiff contends that he is a qualified individual with a disability and that he was excluded from participation in or denied the benefits of a program or activity, or otherwise discriminated against by Defendants, by reason of his disability. (Doc. no. 9, p. 1). Plaintiff maintains that Defendants have violated, and conspired to violate, his civil rights and Title II. (Id. at 2-3). Plaintiff concludes that dismissal of the above-captioned case would be erroneous because he has stated viable claims against Defendants. (See id. at 3).

Plaintiff's objections are without merit. As the Magistrate Judge correctly explained, because Bivens does not extend to allow recovery against private corporations or individuals employed by a privately-operated prison when alternative remedies exists, Plaintiff's Bivens claims against Defendants Corrections Corporation of America ("CCA"), Pugh, Montford, Angel, Clay, and Johnson are not cognizable. (Doc. no. 7, pp. 4-5). Assuming, *arguendo*, that Plaintiff is a qualified individual and that Defendants discriminated against him based on his disability, the Magistrate Judge properly concluded that, because the CCA does not constitute a "public entity" within the meaning of Title II, Plaintiff failed to state a viable Title II claim. (Id. at 5-6). Finally, although Plaintiff has again alleged, in a conclusory fashion, that Defendants conspired to interfere with his civil rights, the Magistrate Judge correctly determined that, because Plaintiff failed to provide specific details concerning when or how an agreement between any person, let alone Defendants, may have been reached or resulted in a violation of his rights, he failed to state a viable conspiracy claim. (Id. at 6-7).

---

and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

2

In conclusion, the R&R is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's <u>Bivens</u>, Title II, and conspiracy claims are **DISMISSED** for failure to state a claim upon which relief may be granted, Plaintiff's potential state law claims are **DISMISSED** without prejudice, and this civil action is **CLOSED**.

SO ORDERED this 8th day of August, 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE